UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS RENEE ROGERS,

v.  Case No. 8:19-cr-191-VMC-SPF
    8:22-cv-1027-VMC-SPF

UNITED STATES OF AMERICA.
_____/

**ORDER**

This matter is before the Court pursuant to Nicholas Renee Rogers' pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Civ. Doc. # 1; Crim. Doc # 107), filed on April 22, 2022. The United States of America responded on August 26, 2022. (Civ. Doc. # 13). Mr. Rogers replied on September 9, 2022. (Civ. Doc. # 15). For the reasons that follow, the Motion is denied.

I. **Background**

Pursuant to a plea agreement, Nicholas Renee Rogers pled guilty to two counts of robbery in violation of 18 U.S.C. § 1952(a) and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Crim. Doc. # 47 at 1).

According to the factual basis provided in the plea agreement, Mr. Rogers robbed a Walgreens store and a CVS store on February 18, 2019. (Id. at 18). During both robberies, he brandished a handgun and demanded money from the cashier. (Id.). Mr. Rogers secured approximately $500 from Walgreens and approximately $52 from CVS. (Id.).

On July 14, 2020, the Court sentenced Mr. Rogers to 246 months of imprisonment, followed by sixty months of supervised release. (Crim. Doc. # 78 at 2-3). Mr. Rogers appealed. (Crim. Doc. # 84). Appellate counsel was appointed to represent Mr. Rogers in his appeal. (Crim. Doc. # 86 at 1-2). Subsequently, appellate counsel moved to withdraw from further representation of Mr. Rogers. (Crim. Doc. # 103 at 1-2). On April 21, 2021, the Eleventh Circuit granted appellate counsel's motion and affirmed Mr. Rogers' conviction and sentence "[b]ecause independent examination of the entire merit reveal[ed] no arguable issues of merit[.]" United States v. Rogers, 842 F. App'x 547, 547 (11th Cir. 2021).

Thereafter, Mr. Rogers requested an attorney be appointed to assist him with his Section 2255 motion, (Crim. Doc. # 105 at 1), which this Court denied. (Crim. Doc. # 106 at 2-3). Mr. Rogers has now filed the instant Section 2255 Motion. (Civ. Doc. # 1; Crim. Doc. # 107). The United States

has responded (Civ. Doc. # 13), and Mr. Rogers has replied. (Civ. Doc. # 15). The Motion is ripe for review.

## II. Discussion

Mr. Rogers' Motion was timely filed on April 22, 2022. (Civ. Doc. # 1 at 12). Mr. Rogers advances two grounds, both based on ineffective assistance of counsel. (Civ. Doc. # 3 at 7, 15; Crim. Doc. # 107 at 4-5).

First, Mr. Rogers claims that his plea was not knowingly, intelligently, and voluntarily entered due to trial counsel's alleged ineffective assistance of counsel. (Civ. Doc. # 3 at 7; Crim. Doc. # 107 at 4). Second, Mr. Rogers claims that counsel denied him effective assistance when he refused to file a motion to withdraw Mr. Rogers' guilty plea due to a conflict of interest. (Civ. Doc. # 3 at 15; Crim. Doc. # 107 at 5).

Mr. Rogers bears the burden of proving that he is entitled to relief under Section 2255. See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015) ("[W]e note that Rivers bears the burden to prove the claims in his [Section]

2255 motion."). The Court will address each of Mr. Rogers' arguments in turn.

### A. Mr. Rogers' Plea and Sentencing Exposure

Mr. Rogers first argues that trial counsel was ineffective "by providing [Mr. Rogers] with a gross misrepresentation of the likely sentencing consequences of his plea." (Civ. Doc. # 3 at 8). Specifically, Mr. Rogers claims that his trial counsel "assured [him] that he would receive a sentence of no more than 14 years' imprisonment if he accepted [the] formal plea offer," which was an "obvious gross misrepresentation of the likely sentencing consequences of the plea . . . based on his relevant criminal conduct, applicable mandatory minimum sentences, and criminal history." (Id. at 8-9). According to Mr. Rogers, "absent counsel's misadvice, there [was] a reasonable probability that [Mr. Rogers] would have persisted in his plea of not guilty and proceeded to exercise his right to a trial by jury." (Id. at 13).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Rogers must

4

demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citations omitted). In other words, Mr. Rogers must show that "no competent counsel would have taken the action that [his] counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Rogers must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. To satisfy the "prejudice" requirement in the context of guilty pleas, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v.

Lockhart, 474 U.S. 52, 59 (1985). "However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component." Ortiz v. United States, No. 8:16-cv-1533-VMC-JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

    Here, Mr. Rogers has not established the prejudice prong as required under Strickland. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Mr. Rogers essentially argues that due to trial counsel's "gross misrepresentation" of his likely sentence, his plea was involuntary, and but for trial counsel's incorrect prediction, he would have instead exercised his right to trial by jury. (Civ. Doc. # 3 at 8, 13). However, an erroneous sentencing prediction does not establish ineffective assistance or render a knowing and voluntary guilty plea invalid. See Johnson v. Massey, 516 F.2d 1001, 1002 (5th Cir. 1975) (good faith but erroneous prediction of a sentence by a defendant's counsel does not render the guilty plea involuntary). Rather, any alleged misadvice given by trial counsel to a defendant can be corrected by the

6

Magistrate Judge at the plea colloquy. See United States v. Wilson, 245 F. App'x 10, 12 (11th Cir. 2007).

When a judge conducts a thorough plea colloquy, prejudice from any previous misinformation may be diffused. See Barker v. United States, 7 F.3d 629, 633–34 (7th Cir. 1993) (finding no ineffective assistance of counsel because any prejudice caused by counsel's misinformation was cured by the district court's thorough examination of the defendant at the change of plea hearing). Further, because there is a strong presumption that statements made during the plea colloquy are true, a defendant bears a heavy burden to show that his statements under oath were false. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988); see Shell v. United States, No. 22-10973, 2023 WL 3338631, at *1 (11th Cir. May 10, 2023) (stating that in evaluating whether a plea is knowing and voluntary, "[courts] apply 'a strong presumption' that statements made by the defendant during [his] plea colloquy are true").

Here, during the plea colloquy and before pleading guilty, Mr. Rogers confirmed his understanding that the sentence imposed "may be different from any estimated sentence that [his] attorney . . . may have given [him]."

(Crim. Doc. # 94 at 15-16). Mr. Rogers indicated that he read, understood, and signed the entire written plea agreement. (Id. at 16). He also confirmed that counsel reviewed the terms and conditions of the plea agreement with him, and that counsel answered any questions Mr. Rogers had regarding the plea agreement. (Id. at 16-17). In response to being asked whether any promises or assurances were given to him other than those reflected in the plea agreement, Mr. Rogers answered, "No." (Id. at 17). Importantly, the Magistrate Judge reviewed the sentencing penalties that Mr. Rogers faced, stating that "[c]ounts 1 and 3 each carry a maximum sentence of 20 years' imprisonment" and that "[c]ounts 2 and 4 are punishable by a mandatory minimum term of imprisonment of seven years up to life, consecutive to any term of imprisonment imposed on each count addressed herein." (Id. at 12-13). The Magistrate Judge explicitly asked Mr. Rogers if he understood the penalties he faced, to which Mr. Rogers responded "Yes[.]" (Id. at 13). Mr. Rogers also confirmed that he understood that the district judge "is not bound by the Guidelines range" and "has the authority to impose any sentence up to the maximum allowed by law." (Id. at 15). Thus, the Judge found that Mr. Rogers was aware of the nature of the charges and the consequences of the plea, and that Mr.

Rogers' plea was entered knowingly and voluntarily. (Id. at 29).

Thus, regardless of trial counsel's performance prior to Mr. Rogers' entry of his guilty plea, Mr. Rogers has not established that his statements made under oath during his change of plea hearing were not truthful, such as would be required to render his plea involuntary. Accordingly, because Mr. Rogers has not demonstrated that he was prejudiced by trial counsel's alleged mistake, he has not met his burden under Strickland.

### B.   Counsel's Conflict of Interest

Mr. Rogers next contends that he was denied the effective assistance of counsel because his counsel allegedly refused to file a motion to withdraw plea due to a conflict of interest. (Civ. Doc. # 3 at 14). Specifically, Mr. Rogers alleges that he wanted to withdraw his guilty plea after learning that counsel had misled him concerning the sentencing consequences of his plea, but that counsel refused to do so. (Id. at 2-3). Mr. Rogers asserts that his counsel lied and told him that "he could not seek to withdraw the plea after the agreement was signed," which, according to Mr. Rogers, his counsel did in order to "avoid the embarrassment and adverse professional consequences which

would have flowed from . . . admitting that he fundamentally misadvised Mr. Rogers concerning the sentencing consequences of his plea." (Id. at 18-19).

To demonstrate ineffective assistance of counsel based on a conflict of interest, a Section 2255 petitioner must show "first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." Pegg v. United States, 253 F.3d 1274, 1277 (11th Cir. 2001); see Quince v. Crosby, 360 F.3d 1259, 1264 (11th Cir. 2004).

To constitute an actual conflict, the defendant must "make a factual showing of inconsistent interests or point to specific instances in the record to suggest an actual impairment of his interests. A mere speculative, hypothetical, or possible conflict of interest is insufficient to establish an ineffective-assistance claim." Kennedy v. United States, 799 F. App'x 697, 700 (11th Cir. 2020) (citing Quince, 360 F.3d at 1264). To prove adverse effect, the "petitioner must show: (1) the existence of a plausible alternative defense strategy or tactic that might have been pursued; (2) that the alternative strategy or tactic was reasonable under the facts; and (3) a link between the actual conflict and the decision to forgo the alternative

10

strategy of defense." Pegg, 253 F.3d at 1278.

Here, because no reasonable attorney would have filed Mr. Rogers' meritless motion to withdraw his guilty plea, Mr. Rogers has not established that trial counsel performed under an actual conflict of interest or that Mr. Rogers was adversely affected by his counsel's decision. See Strickland, 466 U.S. at 688 (explaining that prevailing on an ineffective assistance of counsel claim requires the movant to show that his counsel's actions fell below an objective standard of reasonableness and that he suffered prejudice as a result).

Since Mr. Rogers's guilty plea was given knowingly and voluntarily, trial counsel was not deficient nor acting under an actual conflict of interest in failing to file a meritless motion. See Broderick v. United States, No. 8:18-cv-1058-JDW-SPF, 2020 WL 1511854, at *7 (M.D. Fla. Mar. 30, 2020) ("Any challenge to Broderick's guilty plea would have been without merit, and counsel is not ineffective in failing to make a meritless objection or raise a meritless argument); see also Freeman v. Attorney General, State of Florida, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

Although Mr. Rogers may have been disappointed with his plea due to his imposed sentence, he has not shown that trial counsel's refusal to file the meritless motion was based on

11

an actual conflict of interest. See United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996) ("Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea[.]"). Accordingly, Mr. Rogers has not shown that trial counsel acted under an actual conflict of interest nor deficiently performed when he refused to file a motion to withdraw Mr. Rogers' guilty plea.

### C. Evidentiary Hearing

Because the Court was able to readily determine that Mr. Rogers' claim lacks merit, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015)("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Nicholas Renee Rogers' pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 107) is **DENIED**. The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of August, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE